Dear Mr. Kirkpatrick:
This letter is to acknowledge receipt of your request for an opinion from this office which reads as follows:
 Does a foreign railroad corporation pay an additional domestication fee when there has been an increase in the proportion of its stated capital and surplus represented by its property and business in Missouri due to the merger of a domestic railroad corporation into the qualified foreign railroad corporation?
In your opinion request, you have provided additional information which indicates that a railroad company which is a Missouri domestic corporation has merged into a Delaware corporation which has been set up as a shell without assets. You state that the Delaware corporation was qualified in Missouri prior to the merger as a railroad company doing business under an assumed name. You state further that the Delaware corporation had no assets in Missouri and conducted no business and paid only the minimum domestication fee of $63. You further state that after the merger, the assets and business of the Delaware corporation which is now qualified in Missouri as a foreign corporation, have increased substantially.
It is also our understanding that the railroad corporation has suggested that by virtue of the application of Art. XI, § 10 of the Mo. Constitution no additional domestication or qualification fees or taxes should be imposed under the provision of subsection 3 of § 351.600, RSMo Supp. 1979, upon the railroad's increased stated capital and surplus which is represented by its property and business in Missouri due to the merger. In this regard, § 10 of Art. IX of the Mo. Constitution reads in part as follows:
 If any railroad corporation organized under the laws of this state shall consolidate by sale or otherwise, with any railroad corporation organized under the laws of any other state, or of the United States, the same shall not thereby become a foreign corporation, but the courts of this state shall retain jurisdiction in all matters which may arise as if said consolidation had not taken place. . . .
Under the above constitutional provision, it is our understanding that the railroad corporation contends that although it should be regarded as a foreign corporation for most purposes, it is nevertheless a domestic corporation under the above constitutional provision for the reason that the provision is broad enough to include the merger that was consummated and it is therefore not subject to any increased domestication or qualification fees or taxes under the provisions of subsection 3 of § 351.600, RSMo Supp. 1979.
After due consideration, it is our view that the foregoing argument by the railroad corporation is not persuasive. It was also held in Attorney General Opinion Letter No. 3, Kirkpatrick, 2-22-74, that when a foreign corporation which had previously qualified to do business in Missouri and subsequently absorbed in a merger a foreign or domestic corporation so that the surviving corporation was a continuation of the foreign corporation which had previously qualified to do business in Missouri, the surviving corporation is not then entitled to receive credit for those taxes or fees previously paid by the merging domestic or foreign qualified corporation. (Copy of opinion attached).
Therefore, in response to the question that you have presented, it is our opinion that a foreign railroad corporation is required to pay an additional domestication fee or tax when there has been an increase in the proportion of its stated capital and surplus represented by its property and business in Missouri due to the merger of a domestic corporation into the qualified foreign railroad corporation.
Sincerely,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion Letter No. 3, Kirkpatrick, 2-22-74